UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-CR-30018 -JLT |
| ) | |
| RANDOPH MILLS ) | |
|     Defendant ) | |

**GOVERNMENT'S MOTION TO
STAY EXECUTION OF SENTENCE OF PROBATION AND DEPORTATION,
AND FOR EXPEDITED RULING ON THIS MOTION**

The government respectfully moves this Court to stay the execution of its probationary sentence and to order a stay of the impending deportation of the defendant so that the government's appeal is not undermined by the defendant's deportation. The government also requests that the Court rule on this motion by next Friday (November 3, 2006), so that if the Court should deny the motion, the government may timely seek relief from the Court of Appeals.[1]

On August 16, 2006, the Court sentenced the defendant to probation, having ruled that the defendant "served enough time in jail on this offense." [Transcript of August 16 disposition, page 9]. The defendant had pleaded guilty on May 11, 2006 to re-entering the country after deportation. During the pendency of this federal case, the defendant was in state custody in

---

[1] To seek a stay from the First Circuit, the government must obtain approval from the Solicitor General's Office and it would need to do that in this case.

connection with drug and firearm charges. [Pre-sentence Report (PSR), ¶36)]. The defendant has not served any time for the federal charges. Rather, as noted, he was in the custody of the Franklin County Sheriff's Office in connection with the state charges and he was brought into this Court via a writ of *habeas corpus ad prosequendum* for arraignment, guilty plea, and sentencing. [Docket entries 3, 23, and 26]. Because the defendant has not served any time on the federal charges, the government objected to the Court's deviation from the Guidelines and filed a timely notice of appeal. [Docket entry 28]. In the government's view, the probationary sentence undermines the sentencing goals set out in 18 U.S.C. §3553, including the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, 18 U.S.C. §3553(a)(2)(A); to afford adequate deterrence to criminal conduct, 18 U.S.C. §3553(a)(2)(B); and to ensure uniformity, 18 U.S.C. §3553(a)(6).

The defendant eventually pleaded guilty to the state charges and was given time served. This resulted in his release to the Department of Homeland Security. The defendant is presently awaiting deportation. On October 27, 2006, the undersigned spoke with Aldan Beaumont, a Supervisory Detention and Deportation Officer with the Department of Homeland Security in Hartford, Connecticut, who stated (1) that the Department is waiting for

the necessary travel documents from Jamaica, (2) that once these are received, the defendant will be scheduled for deportation; and (3) that this could happen in two to three weeks.

The government's appeal has been docketed in the Court of Appeals as Appeal No. 06-2444; a briefing schedule has not yet been set. The government is presently reviewing the case for appeal (any sentencing appeal must be reviewed first by the United States Attorney's Office and then by the Appellate Section of the Criminal Division of the Department of Justice, and then authorized by the Solicitor General's Office).

The government respectfully requests that the Court stay, pending any appeal, the probationary sentence imposed in this case and the deportation of the defendant. Absent a stay, the Department of Homeland Security may deport an alien during the pendency of an appeal. *See* United Stay v. DeLeon, 444 F.3d 41, 57 (1st Cir. 2006). The Court should grant a stay because (1) as it recognized at the sentencing, there is "a strong argument...that [the state time] doesn't count," [Sentencing transcript, page 5]; (2) the defendant's deportation will undermine the government's statutory right to appeal;[2] (3) the public has an interest in the government's legitimate exercise of

---

[2]There is no First Circuit case definitively establishing that the government's appeal would be moot as a legal matter, *see* DeLeon, 444 F.3d at 56 (discussing mootness), but the defendant's absence from the country will make re-sentencing impossible as a practical matter.

its statutory right to appeal what it views as an overly lenient sentence and, therefore, the stay to pursue any appeal is in the public's interest; and (4) although the defendant may not wish the Court's probationary sentence to be reversed and to receive a prison sentence, he will not be <u>unfairly</u> prejudiced by the stay.[3] *See* <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 7 (1st Cir. 2003)("courts long have employed the conventional preliminary injunction test in considering requests for discretionary stays of deportation").

The undersigned spoke to defense counsel by telephone on October 27, 2006, and he opposes this motion.

Given that the defendant may be deported in the next two to three weeks, the government also requests that the Court rule on this motion by next Friday (November 3, 2006). The Court's prompt consideration of this motion will allow the government to seek authority to apply for a stay from the Court of Appeals for the First Circuit and will allow the First Circuit in turn to

---

[3] If the government determines that an appeal should not be pursued, it will move to dismiss the pending appeal and notify the Court accordingly.

have sufficient time to consider whether such relief should be granted.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                        By:   /s/ *Dina Michael Chaitowitz*
                                      DINA MICHAEL CHAITOWITZ
                                      Assistant U.S. Attorney
                                      Chief of Appeals

<u>Certificate of Service</u>

    I hereby certify that on October 27, 2006, this motion for a stay filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                      /s/ *Dina Michael Chaitowitz*
                                      DINA MICHAEL CHAITOWITZ
                                      Assistant U.S. Attorney
                                      Chief of Appeals