# United States Court of Appeals
## For the First Circuit

No. 06-2444

UNITED STATES OF AMERICA,

Appellant,

v.

RANDOLPH MILLS, a/k/a DASHE BECKFORD,

Defendant, Appellee.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]


Before

Torruella, Circuit Judge,

John R. Gibson, Senior Circuit Judge[*]

and Lipez, Circuit Judge.


    Dina Michael Chaitowitz, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellant.
    John S. Ferrara, with whom Dalsey, Ferrara, & Albano, was on brief for appellee.


August 30, 2007


[*]Of the Eighth Circuit, sitting by designation.

**JOHN R. GIBSON, Circuit Judge.** Randolph Mills pleaded guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326. The presentence report computed a total offense level of seventeen and a criminal history category of I. The resulting guideline imprisonment range was twenty-four to thirty months. The district court sentenced Mills to two years' probation and a $100 special assessment. The government now appeals. We vacate Mills's sentence and remand for resentencing.

Randolph Mills was born in Kingston, Jamaica. He entered the United States legally and became a lawful permanent resident, but the State of Connecticut sentenced him to a five year term of imprisonment following a conviction on drug charges. The State suspended Mills's term of imprisonment after one year. The government placed Mills in removal proceedings following his release and deported him to Jamaica on January 9, 1999. On July 29, 2004, Mills was arrested in Greenfield, Massachusetts, for firearm and drug offenses under the name of "Dashe Andre Beckford." The State released Mills on bail but he failed to appear for subsequent court appearances, and the State issued a warrant for his arrest. The State arrested Mills per the warrant on March 2, 2005, and determined that he was the same individual who had been deported in 1999. After his arrest on March 2, the State retained custody of Mills.

On April 14, 2005, the government charged Mills with

illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. Mills made an initial appearance before the United States District Court for the District of Massachusetts on May 6, 2005, pursuant to a writ of habeas corpus <u>ad prosequendum</u>. The presiding magistrate judge granted the government's motion for detention. Federal authorities, however, did not detain Mills at that time, but instead returned him to state custody pursuant to the state charges. Mills pleaded guilty to the federal offense on May 11, 2006, and the district court sentenced him to probation on August 16, 2006. During the sentencing hearing, the district court expressed particular concern with the amount of time Mills had spent in custody and the possibility of Mills receiving credit for that time. The district court noted that Mills had been in detention for the seventeen months following his arrest on March 2, 2005. The government objected that the seventeen months was irrelevant because it was on unrelated state charges. The district court then decided to sentence Mills to probation instead of time served so as to avoid "getting into whether time served is an appropriate sentence or not."

On September 28, 2006, Mills pleaded guilty to the state drug and weapon charges and was sentenced to 365 days' imprisonment. He received a credit of 365 days for time served and immediately entered the custody of Immigration and Customs Enforcement where he currently remains. The government now appeals

the sentence given by the district court.

We review the district court's sentence under the now advisory guidelines for reasonableness. Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2459 (2007); United States v. Booker, 543 U.S. 220, 260-63 (2005). The government argues that the district court erred in concluding that the State of Massachusetts was holding Mills pursuant to the federal charges. We review for clear error a district court's factual findings relevant to a sentencing calculation. United States v. Goodhue, 486 F.3d 52, 55 (1st Cir. 2007). "[A] sentence will be vacated as unreasonable under Booker if it is predicated on a clearly erroneous view of material facts." United States v. Robinson, 433 F.3d 31, 38 (1st Cir. 2005).

In this case, it is apparent that the district court's decision to sentence Mills to probation was predicated on an erroneous finding that Mills had been imprisoned on federal charges while in state custody before trial. Examining the sentencing transcript and the statement of reasons, we observe that the district court was under the impression that Mills was in custody on the basis of the federal charge, illegal reentry of a removed alien. First, Mills's counsel notified the district court during the sentencing hearing that Mills had been held on the order of detention since May 6, 2005. The district court then responded with concern that Mills "has been in jail for fifteen months." Later, the district court concluded that probation was appropriate

-4-

because Mills had "served enough on the charge before me" (emphasis added). The district court then emphasized that everyone should "understand the reason" for the sentence imposed, namely that "I think he has served enough time on this charge" (emphasis added). Finally, in its statement of reasons, the district court explained that it was sentencing Mills outside the advisory guideline system because Mills had "already served enough time in prison on these charges, but in state custody" (emphasis added).

Contrary to the district court's assertions, however, it is evident that the presentence report, to which neither party objected, plainly states that Mills was being held pursuant to unrelated state charges. The district court, moreover, gave no indication why it was disregarding the presentence report. While Mills did appear before the district court on several occasions, those appearances did not change his custody status. See Sinito v. Kindt, 954 F.2d 467, 470 (7th Cir. 1992) (per curiam) (holding that "[t]he issuance of the writ of habeas corpus ad prosequendum did not alter [the prisoner's] custody status"). Since credit for 365 days that Mills was in state custody was properly applied to the eventual guilty plea on separate state charges, Mills is not entitled to have that time also credited towards his federal sentence. See United States v. Wilson, 503 U.S. 329, 334 (1992); 18 U.S.C. § 3585(b)(2).

Mills argues that because the government obtained a

-5-

detainer against Mills while he was in state custody, the time served should apply to the federal sentence.[1] This argument is unpersuasive. It is well-established that when a federal detainer is irrelevant to custody in relation to a state offense, credit is not available. See Bloomgren v. Belaski, 948 F.2d 688, 690 (10th Cir. 1991) (noting that when a federal detainer is unrelated to a state prisoner's continued custody, credit is not available for the federal sentence). In this case, Mills offers no argument contradicting the presentence report's statement regarding the reason for Mills's state custody. We have no reason, therefore, to conclude that the federal detainer was the sole reason for Mills's continuing custody.

Finally, we have some concern regarding the district court's decision to sentence Mills to probation in consideration of his seventeen month detention with state authorities. The Supreme Court has plainly stated that 18 U.S.C. § 3585(b)(2) "does not authorize a district court to compute the credit at sentencing." Wilson, 503 U.S. at 334. The district court, therefore, should not have taken into account Mills's custody in its sentencing decision,

---

[1] Mills cites the Supreme Court's decision in Reno v. Koray, 515 U.S. 50 (1995), in his argument that the federal detainer qualifies him for credit towards his sentence. Mills's reliance is misplaced. The Court in Koray held that time spent in a community treatment center did not qualify as official detention for crediting purposes. The decision does not address whether time spent in detention on state charges can also qualify a prisoner for credit on federal charges.

but should have instead left the determination of Mills's eligibility for credit for time served to the Attorney General and the Bureau of Prisons. The fact that the district court technically refrained from sentencing Mills to "time served" is insufficient to cure the district court's error under <u>Wilson</u>.

We conclude that the district court's consideration of Mills's custody on unrelated state charges at the time of sentencing was clearly erroneous.[2] We therefore vacate the sentence imposed and remand for resentencing consistent with this opinion. In light of our holding, Mills's pending motions are denied.

---

[2] Because we determine that Mills's sentence must be remanded due to the district court's consideration of an erroneous factual conclusion, we express no opinion as to the government's argument that a sentence of two years of probation would be substantively unreasonable on the facts of this case.