UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                      )<br>)<br>RANDOLPH MILLS,                )<br>         Defendant                  ) | No. 05-30018-DPW |

**SENTENCING MEMORANDUM
OF DEFENDANT RANDOLPH MILLS**

Now comes the defendant, Randolph Mills and offers the following sentencing memorandum to the Court. The defendant respectfully requests, pursuant to United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a), that this Honorable Court impose a sentence of 12 months (one year) confinement for the reasons stated below.

**I. STATEMENT OF FACTS**

On March 3, 2005, the Defendant was arrested on certain Massachusetts state charges and was ordered held on bail.

On April 14, 2005, the Mr. Mills was indicted in the United States District Court, District of Massachusetts, Western Division for having illegally re-entered the United States after having been deported in violation of 8 U.S.C. § 1326(a), (b)(2).

Mr. Mills was arraigned on May 6, 2005. The Government moved for detention of Mr. Mills, and the Government's motion was allowed. Mr. Mills was ordered detained and was committed to the custody of the Attorney General of the United States. He was also being held on the Massachusetts state charges.

1

Mr. Mills plead guilty to the federal unlawful re-entry charge on May 11, 2006. On August 16, 2006, he was sentenced to a term of probation for two years. Judgment of conviction entered on August 30, 2006. The Government appealed the sentence.

On September 28, 2006, Mr. Mills plead guilty to a state court firearms charge and other state charges were dismissed. He was sentenced to 365 days to a House of Correction, with credit for that time. Thus, he was not given credit for any time held beyond March 3, 2006 on the state court charges.

On November 16, 2006, the Government moved the First Circuit Court of Appeals to order that the Department of Homeland Security, Immigration and Customs Enforcement (hereinafter, "ICE") stay deportation pending its appeal. In the Government's motion it noted, "today the government learned that the defendant is scheduled to be deported on December 16, 2006."

On December 14, 2006, the Appeals Court entered an order allowing the government's motion, and Mr. Mills has been held by ICE at the Wyatt detention facility in Rhode Island since that date. It is unclear to defense counsel whether Mr. Mills is presently in ICE custody or custody of the United States Marshal's Office.

## II. THE DEFENDANT'S PERSONAL HISTORY

Mr. Mills is thirty-one years old. He was born in Kingston, Jamaica in 1974, the oldest of four children. His parents separated when he was about eleven years old and his maternal grandmother in Jamaica raised him for a time. Mr. Mills was exposed to and began smoking marijuana at age ten and began consuming alcohol at age eleven. His

mother, Janet Mills, reported to Probation that after she left Randolph in Jamaica, he suffered abuse and did not have enough to eat.

In 1989, at age fifteen, Randolph Mills came to the United States and lived with his mother in Brooklyn. He had trouble adjusting to living in the United States. The family moved frequently. The Mills lived in neighborhoods where Randolph regularly saw drug sales and violence. His school attendance was poor and he completed only the eighth grade. With an eighth grade education and substance abuse problems, Mr. Mills' employment history was what one would expect; sporadic, low-paying jobs.

After a criminal conviction, Mr. Mills was deported to Jamaica in 1999. He supported himself by picking coffee in his grandfather's coffee fields. He returned to the United States primarily to be with his mother, Janet Mills and his sister, Lorna Mills. He also wanted contact with his father, his brothers, Ian and Cecil, his sisters, Patricia, Latoya, and Shawna, and his many nieces and nephews.

## III.   VARIANCES UNDER 18 U.S.C. § 3553

Under Booker, supra., the United States Sentencing Guidelines are "advisory," and sentencing courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in imposing sentence. Id. at 757 (2005). The first sentence of 18 U.S.C. § 3553, sometimes referred to as the Parsimony Provision[1], states that the Court "shall impose a sentence sufficient, but not greater than necessary" to achieve the purposes of sentencing

---

[1] *United States v.Denardi*, 892 F.2d 269, 276-77 (3rd Cir., 1989)(Becker, J., concurring in part, dissenting in part)(since § 3553(a) requires sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range.)

3

set forth in that statute, at § 3553 (a)(2). The purposes set forth in § 3553 (a)(2) include: the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to afford adequate deterrence; to protect the public from further crimes of the defendant; and to provide the defendant with rehabilitation. The Supreme Court emphasized that, "[no] limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Id. at 760 (quoting 18 U.S.C. § 3661).

Mr. Mills has received notice that he will be deported from the United States immediately following the completion of his incarceration on this charge. He is uncertain as to how long that process will take and for how long he will be further held by ICE.

The First Circuit Court of Appeals has indicated that this Court should not consider the time that Mr. Mills has been held in state confinement for purposes of a credit against a sentence, since that is the province of the Attorney General and the Bureau of Prisons, citing, United States v. Wilson, 503 U.S. 329 (1992). Probation Officer Tricia Marcy has filed a memorandum for informational purposes to inform the Court and the parties that the Bureau of Prisons' Designation and Sentence Computation Center has assured her that the BOP will credit Mr. Mills with the time that he was held in state confinement not credited to a state sentence, and the time that Mr. Mills has been held by ICE, toward any sentence this Court imposes. The total is about nineteen and one-half months.

While the Court is not to consider this time held for purposes of a sentence credit, it is both reasonable and appropriate to consider the impact on Mr. Mills of the detention, the appeals process, and the uncertainty of the outcome and the duration of detention for their deterrent and punitive effects. The instant charges and his detention pending final disposition have indelibly impressed upon Randolph Mills the seriousness of unlawful re-entry. He realizes that if he were to return to the United States, he would face many years confinement under federal law.

The defendant asks that the Court also consider his background and the hardship he has endured and that he will endure. He must now resign himself to the fact that he will only have contact with his family when they visit him outside of the United States. Additionally, he prays the court consider that he did not contest the charges against him; he pleaded guilty and accepted responsibility for the crime he committed.

Under the totality of the circumstances, a one year sentence is a significant sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.

## **CONCLUSION**

For all of the above stated reasons, the defendant, Randolph Mills, respectfully requests this Honorable Court sentence him to no more than one year in custody.

                        The defendant,
                        Randolph Mills

By:    */s/ John S. Ferrara*
       John S. Ferrara, Esq.
       Dalsey, Ferrara & Albano
       73 State Street, Suite 101
       Springfield, MA  01103
       Tel. 736-6971; Fax. 746-9224
       BBO No. 542078

## CERTIFICATE OF SERVICE

    I, John S. Ferrara, hereby certify that a true copy of the foregoing sentencing memorandum was served upon the Government by electronic filing with the Court's CM/ECF system, on this date, October 9, 2007.

                                                      */s/ John S. Ferrara*
                                                      John S. Ferrara